BLAKE L. OSBORN (SBN 271849)
blake.osborn@dentons.com
MARGRET FLODEEN (SBN 328589)
margret.flodeen@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Plaintiff
Veridian Healthcare LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERIDIAN HEALTHCARE LLC, <br><br> Plaintiff, <br><br> v. <br><br> GURUNANDA, LLC, <br><br> Defendant. | Case No. 8:24-cv-2095 <br><br> **COMPLAINT FOR:** <br><br> **1) BREACH OF CONTRACT** <br><br> **2) BREACH OF QUASI-CONTRACT** |

- 1 -
COMPLAINT

## INTRODUCTION

Plaintiff Veridian Healthcare LLC ("Plaintiff" or "Veridian") hereby brings this action to recover the portion of attorneys' fees and costs that Defendant GuruNanda, LLC ("Defendant" or "GuruNanda") agreed to pay in connection with the defense of two putative class action litigations, which were tendered by retailer Walmart Inc. ("Walmart") to Veridian, GuruNanda, and other suppliers, as well as any and all other recoverable monetary damages suffered by Plaintiff as a result of the acts alleged in this Complaint, as follows.

## JURISDICTION, THE PARTIES, AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Veridian is a limited liability company organized under the laws of the State of Illinois with its principal place of business at 1175 Lakeside Drive, Gurnee, IL 60031.

3. GuruNanda is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 6645 Caballero Boulevard, Buena Park, CA 90620.

4. Upon information and belief, there is complete diversity of citizenship between the members of Veridian and the members of GuruNanda.

5. As alleged in detail below, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is seeking to recover at least $96,698.07, which represents GuruNanda's pro rata share of the attorneys' fees and costs expended in defending Walmart in two putative class action litigations concerning products supplied by, *inter alia*, GuruNanda.

6. This Court has personal jurisdiction over GuruNanda because it has its principal place of business in California, sells the products at issue in the underlying class action litigations in California, and one of the underlying actions was filed in

California.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because GuruNanda's principal place of business is located in this District.

## FACTUAL BACKGROUND

### A. Veridian and GuruNanda's Supply of Lidocaine Patch Products

8. Veridian is an importer and distributor of personal health products and diagnostic equipment to several national and regional chain stores, wholesalers, dealers, and online merchants.

9. One type of products that Veridian imports and distributes is adhesive patch products containing lidocaine, which may be used for temporary pain relief.

10. Veridian previously supplied lidocaine patch products to Walmart, which Walmart sold online and in its retail stores under its Equate brand.

11. GuruNanda similarly offers and sells personal health and wellness products, including lidocaine patch products.

12. GuruNanda also supplied lidocaine patch products to Walmart, which Walmart sold online and in its retail stores under its Equate brand.

### B. Putative Class Actions Over Lidocaine Products and Tender

13. In January 2022, a plaintiff filed a putative class action complaint against Walmart in the United States District Court for the Northern District of California concerning the labeling of two of Walmart's Equate lidocaine products, including a lidocaine patch and a lidocaine cream. *See Bechtel v. Walmart Inc.*, Case No. 3:22-cv-00430-JD (the "*Bechtel* Action"). The plaintiff later amended the complaint to include additional plaintiffs and allegations.

14. In April 2022, a plaintiff filed a putative class action complaint against Walmart in the United States District Court for the Southern District of New York concerning the labeling of two of Walmart's Equate lidocaine patch products. *See Gonzalez Rodriguez v. Walmart Inc.*, Case No. 1:22-cv-02991-JPO (the "*Gonzalez Rodriguez* Action"). The plaintiff later amended the complaint to include additional

plaintiffs, a lidocaine cream product, and additional allegations.

15. Walmart later tendered the defense of both putative class actions to the suppliers of the lidocaine products at issue, including Veridian and GuruNanda.

16. Veridian accepted the tender from Walmart and agreed to defend and indemnify Walmart in the two putative class actions.

17. Upon information and belief, GuruNanda accepted the tender from Walmart and agreed to defend and indemnify Walmart in the two putative class actions.

### C. Agreement to Reimburse for Attorneys' Fees and Costs Paid

18. Veridian engaged counsel to represent Walmart in the two putative class actions.

19. Veridian agreed to outlay monies to cover the attorneys' fees and costs incurred in the representation of Walmart in the two putative class actions, subject to later reimbursement by the other suppliers of the lidocaine products at issue in the two actions.

20. Upon information and belief, the suppliers agreed to reimburse Veridian for its payment of attorneys' fees and costs incurred in the defense of Walmart in the two putative class actions on a pro rata basis.

21. Walmart determined each supplier's pro rata share by, upon information and belief, reviewing the sales data for each of the lidocaine products during the relevant periods.

22. Counsel for Walmart relayed the pro rata shares to each of the suppliers.

23. Walmart allocated a 12.6325% share to GuruNanda.

24. Upon information and belief, GuruNanda agreed to pay this pro rata 12.6325% share of the attorneys' fees and costs paid in connection with the defense of Walmart in the two putative class actions.

### D. GuruNanda's Breach of the Agreement and Unjust Enrichment

25. For the *Bechtel* Action, defense counsel litigated the action and placed

-4-
COMPLAINT

pressure on plaintiffs until plaintiffs eventually filed a notice of voluntary dismissal without prejudice a year later in January 2023.

26. For the *Gonzalez Rodriguez* Action, defense counsel litigated the action until the parties ultimately negotiated and executed a settlement agreement, resulting in the dismissal of the action with prejudice in July 2024.

27. GuruNanda paid a pro rata 12.6325% share of the settlement payment agreed to in the *Gonzalez Rodriguez* Action.

28. However, GuruNanda has not paid its pro rata 12.6325% share of the attorneys' fees and costs outlaid by Veridian in connection with the two putative class actions, amounting to $96,698.07.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

29. Veridian hereby incorporates by reference each of its allegations contained in paragraphs 1 through 28 of this Complaint as if set forth herein.

30. Upon information and belief, GuruNanda accepted Walmart's tender and agreed to indemnify Walmart in the two putative class actions.

31. Upon information and belief, GuruNanda agreed to pay a pro rata 12.6325% share of the attorneys' fees and costs paid in connection with the defense of Walmart in the two putative class actions.

32. GuruNanda's agreement with Walmart and agreement with Veridian constitute separate, valid, and enforceable contracts with GuruNanda, Walmart, and Veridian.

33. Veridian has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of its agreement with GuruNanda.

34. GuruNanda has breached its agreement with Veridian by failing to reimburse Veridian for the attorneys' fees and costs that it covered and incurred in connection with the defense of Walmart in connection with the two putative class

actions.

35. As a direct and proximate result of GuruNanda's breach of contract, Veridian has been damaged in an amount to be determined at trial, but not less than $96,698.07, exclusive of interest and costs.

## SECOND CLAIM FOR RELIEF

**(In the Alternative, Breach of a Quasi-Contract / Unjust Enrichment)**

36. Veridian hereby incorporates by reference each of its allegations contained in paragraphs 1 through 35 of this Complaint as if set forth herein.

37. Alternatively, GuruNanda had a quasi-contract with Veridian whereby it improperly received benefits from Veridian in the form of Veridian's payment of attorneys' fees and costs for the defense of Walmart in connection with two putative class actions involving products supplied by GuruNanda.

38. GuruNanda did not reimburse Veridian for the attorneys' fees and costs outlaid by Veridian or provide equivalent value therefore.

39. These benefits come at the expense of Veridian and it would be inequitable for GuruNanda to retain the benefits under the circumstances.

40. GuruNanda has therefore been unjustly enriched and Veridian seeks restitution.

41. As a direct and proximate cause of GuruNanda's unjust enrichment, Veridian has been damaged in an amount to be determined at trial, but not less than $96,698.07, exclusive of interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Veridian prays for relief and judgment against GuruNanda as follows:

a. Award Veridian damages of at least $96,698.07, exclusive of interest and costs, to be determined at trial;

b. Award Veridian its reasonable costs;

c. Award Veridian pre-judgment and post-judgment interest on the damages

1  awarded, continuing until such judgment is paid, at the maximum rate allowed by law;
2  and
3        d.     Award any further relief as this Court deems just, appropriate and
4  equitable.

Dated: September 26, 2024           Respectfully submitted,

DENTONS US LLP

By:    */s/ Blake L. Osborn*
        Blake L. Osborn

Attorneys for Plaintiff
Veridian Healthcare LLC